**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael GAITHER, Defendant-Appellant.**

**No. 47810.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied
Oct. 9, 1984.

Debra Buie Arnold, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant appeals conviction for stealing a motor vehicle, § 570.030, RSMo 1978. After the jury verdict the court sentenced defendant to serve a term of five years.

This appeal involves a single issue. Appellant contends that the court erred in failing to grant a mistrial. After the close of all the evidence the court adjourned for the evening. Before resuming on the second day of trial the court learned that the defendant had been injured in an altercation during the evening or early morning. The basis for the request for mistrial was only that it would be unfair to present the defendant to the jury "in the state that he's in."

The contention on appeal is not the same. Here defendant argues that when defendant appeared on the second day of trial he

was dazed and severely beaten about the head, and that the court erred in failing to grant a mistrial "because in defendant's physical condition he was incompetent to continue to stand trial, that he did not have sufficient present ability to consult with his attorney and that the court's curative instruction was insufficient to overcome the resulting prejudice."

■ Appellant has failed to preserve the issue of prejudice resulting from incompetency. This was neither the basis presented at the time of objection nor was it presented in defendant's motion for new trial. We have held "[a]n appellant may not on appeal change or broaden the assertions of error as presented to the trial court. *State v. Gilbert,* 544 S.W.2d 595, 598 (Mo.App.1976)." *State v. Lenza,* 582 S.W.2d 703, 710 (Mo.App.1979). We therefore review only for plain error.

■ We find no error, plain or otherwise. The only portion of the trial remaining after the unfortunate event was the argument of counsel and the submission to the jury. Not only did the defendant fail to offer any evidence of incapacity or incompetence to continue he offered no explanation of how such incapacity or incompetence would have effected the limited further proceeding. All phases of the trial in which appellant could have been of assistance were already completed. We affirm.

REINHARD and CRANDALL, JJ., concur.